UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CYNTHIA G. PENNINGTON,

                Plaintiff,

v.

                Case # 13-CV-6480-FPG

COUNTY OF MONROE and
DEPUTY G. WILCZAK,                DECISION & ORDER
In his Official and Individual Capacity,

                Defendants.
_____

CYNTHIA G. PENNINGTON,

                Plaintiff,

v.

                Case # 13-CV-6304-FPG

CITY OF ROCHESTER and
LIEUTENANT ERIC PAUL,                DECISION & ORDER
In his Official and Individual Capacity,

                Defendants.
_____

       Plaintiff Cynthia Pennington ("Plaintiff"), by and through her former attorney Christina A. Agola,[1] on June 13, 2013, filed the Complaint in Case No. 13-CV-6304 (ECF No. 1) and on September 6, 2013, filed the Complaint in Case No. 13-CV-6480 (ECF No. 1), all pursuant to 42 U.S.C. § 1983, alleging that Defendants in both actions violated her civil rights protected by the Constitution of the United States.  According to the civil docket records, Case No. 13-CV-6304 was assigned to United States District Court Judge Charles J. Siragusa at the time the Complaint was filed, and Case No. 13-CV-6480 was assigned to United States District Court Judge Frank P. Geraci, Jr. at the time the Complaint was filed.

---

[1] Since the filing of these Complaints, Ms. Agola has been suspended from practicing law before the Western District Court of New York.

During the Status Conference held in this Court on December 6, 2013, in Case No. 13-CV-6480, Plaintiff, who is now proceeding *pro se*, stated that she wished to consolidate these cases, given that the alleged incidents giving rise to the Complaint filed in each case are based upon the same factual occurrences involving Defendants Deputy G. Wilczak and Lieutenant Eric Paul. Following Plaintiff's filing of a Motion for Consolidation pursuant to Fed. R. Civ. P. 42, in Case No. 13-CV-6304 (ECF No. 7) and in Case No. 13-CV-6480 (ECF No. 11), on December 6, 2013, and at this Court's request made on December 9, 2013, Case No. 13-CV-6304 was transferred by Text Order (ECF No. 8) to this Court for purposes of determining said consolidation motion.

This Court entered a Scheduling Order in each case (Case No. 13-CV-6304, ECF No. 9 and Case No. 13-CV-6480, ECF No. 13), requiring that responses to Plaintiff's motion be filed by January 10, 2014. County Defendants in Case No. 13-CV-6480 have timely filed their response declaring that they have no objection to Plaintiff's motion. ECF No. 16. No responses have been filed on behalf of the City of Rochester and Lieutenant Eric Paul.

Regarding consolidation of cases, Rule 42 provides as follows: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any and all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "Consolidation under Rule 42(a), Fed. R. Civ. P., is a procedural device designed to promote judicial economy, and consolidation cannot effect a merger of the actions or the defenses of the separate parties. It does not change the rights of the parties in the separate suits." *Cole v. Schenley Industries, Inc.*, 563 F.2d 35, 38 (2d Cir. 1977) (citation omitted). Nor are the rights of the parties affected by the filing of a consolidated complaint. *Id.* (citation omitted). The decision regarding the appropriateness of consolidation rests within the broad discretion of the district court, subject to balancing the

considerations of convenience and economy against the concern for a fair and impartial trial. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-1285 (2d Cir. 1990). Exercise of this discretion requires a court to consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* at 1285 (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *cert. denied* 460 U.S. 1102 (1983)).

After giving due consideration to Plaintiff's motion request, the absence of any objection by the County Defendants, the lack of response on behalf of the City of Rochester and Lieutenant Eric Paul and, upon review of the Complaint filed in each case and the civil docket reports, the Court concludes that there exist common issues of fact and law to be resolved by a single adjudication and, further, that consideration of the risks associated with consolidation tips in favor of the interest of judicial economy. Plaintiff's motion for consolidation is hereby granted.

Therefore, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the Court hereby orders the consolidation of Case No. 13-CV-6304 and Case No. 13-CV-6480, under Case No. 13-CV-6304. The Clerk of the Court is directed to consolidate the case files in accordance with this Decision and Order.

IT IS SO ORDERED.

DATED: January 13, 2014
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge

3